FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEVI LAWRENCE MOREFIELD,<br><br>    Defendant. | No. 2:13-cr-02113-SAB-1<br>1:18-cv-03054-SAB<br><br>ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 253, 254, and 255. A hearing on the motion was held on August 1, 2018. Defendant was represented by Timothy Trageser. The United States was represented by Benjamin Seal.

**Background**

On September 10, 2013, Defendant was charged with four counts of Distribution of Heroin and, together with his co-defendants, one count of Distribution of Heroin Resulting in Death. The Distribution of Heroin charge carried a maximum of 20 years imprisonment and the Distribution of Heroin Resulting in Death charge carried a mandatory minimum of 20 years imprisonment with a maximum life imprisonment. Because Defendant has a prior drug conviction, the minimum and maximum penalties increased. If the United States

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 1

chose to file a 21 U.S.C. § 851 Information, the maximum penalty for the Distribution of Heroin charge increased to 30 years imprisonment and the Distribution of Heroin Resulting in Death charged increased to a minimum life sentence.[1]

On February 17, 2015, Defendant entered into a plea agreement with the United States in which he agreed to plead guilty to Count 4 of the Indictment, charging him with Distribution of Heroin. ECF No. 149. It was a Fed. R. Cr. P. 11(c)(1)(C) plea agreement in which Defendant reserved the right to withdraw from the plea agreement if the Court imposed a sentence of incarceration greater than 180 months. *Id.* Similarly, the United States reserved the right to withdraw from the plea agreement if the Court sentenced Defendant to a term of incarceration that was less than 156 months. *Id.*

The Presentence Investigation Report was prepared. The draft PSIR indicated that because there were no drug exhibits seized in the case, the lowest offense level of 12 was applied. ECF No. 156. The PSIR also concluded that there was no identifiable victim, due to the charge with which Defendant plead to and the determination that heroin was not the only cause of the death. *Id.* The PSIR calculated the USSG sentencing range to be 10-16 months. *Id.*

In preparing for the sentencing hearing, the Court noted the extreme discrepancy between the Guideline based sentencing range and the parties' agreement. Also, after the Indictment was filed, the United States Supreme Court issued its ruling in *Burrage v. United States*, 571 U.S. 204 (2014), in which it held a defendant, who distributed heroin used by the victim who died of a drug overdose after also using other drugs, could not be convicted under the penalty

---

[1] . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment. . . . 21 U.S.C. § 841(b)(1)(C)

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 2

enhancement provision, absent evidence that the victim would have lived but for his heroin use. *Id*. at 218-19. This case heighten the Court's concern, given the PSIR's conclusion that heroin was not the only cause of the death.[2] Consequently, it directed the parties to file supplemental briefing as to why the Court should accept the parties' Fed. R. Cr. P. 11(C)(1)(c) plea agreement. ECF No. 185.

In his response, Defendant indicated that he accepted the plea agreement to avoid the risk of trial on Count 5 (Distribution of Heroin resulting in Death) and possibly receiving a mandatory minimum sentence of 20 years, or possibly a life sentence if the United States chose to file the § 851 Information. He also stated that he recognized the significant departure but asked the Court to accept the 11(C)(1)(c) plea agreement. ECF No. 188.

The Court then indicated that testimony from the United States' expert, Dr. Carl Wigren, would be necessary before the Court could proceed with the sentencing hearing. ECF No. 192. The Court wanted to hear and evaluate the medical evidence before it decided whether to accept the written plea agreement.

On October 20, 2015, a sentencing hearing was held. Dr. Wigren testified that the victim died of a heroin overdose. Asked another way, he indicated that if the victim had not taken heroin that day, he would not have died. ECF No. 224 at 26-27.

The Court accepted the Plea Agreement, granted the United States' Motion to Dismiss Counts 1, 2, 3, and 5, and sentenced Defendant to 180 months in custody. ECF No. 211.

In November, 2015, the Court held a hearing regarding the co-Defendant's Fed. R. Cr. P. 11(c)(1)(C) plea agreements. Those plea agreements provided that in

---

[2] It was not clear whether the Grand Jury would have indicted Defendant if the *Burrage* standard was in effect at the time the case was presented to the Grand Jury.

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 3

exchange for the guilty plea, the United States agreed to file a Superseding Information charging the co-Defendants with Distribution of Heroin. ECF Nos. 172, 173. The sentencing range agreed upon by the parties was between 24 and 60 months. *Id.* The USSG ranges as calculated in the Presentence Investigative Reports were 6-12 months or 8-14 months, depending on the co-Defendant. *Id.*

In reviewing the plea agreements, the Court again indicated that it would be necessary to hold an evidentiary hearing to allow testimony from defense expert witnesses and cross-examination of the United States' expert witness before it could determine whether the accept the 11(c)(1)(C) plea agreement. ECF No. 223. An additional hearing was necessary because the lawyers for the co-Defendants did not participate in the hearing for Defendant Morefield's case in which Dr. Wigren testified. The Court also ordered the parties to submit briefing addressing why the Court should accept the proposed plea agreements. *Id.*

The sentencing hearing for the co-Defendants took place on March 23, 2016. ECF No. 242. The co-Defendants presented expert testimony from Dr. Robert Julien and Dr. David Predmore. *Id.* The United States cross-examined the experts, but did not put on any additional expert testimony. *Id.* These experts concluded that it was likely that the victim died due to the toxic effects of both drugs: paroxetine (Paxil) and heroin (Morphine). *Id.* They believed that because the victim was a habitual heroin user, it would have taken more than .43 level of morphine to kill him. *Id.*

At the hearing, the Court rejected the plea agreements, finding the recommended agreed sentences, which would be a substantial variance from the Guideline range, were not supported by the facts. *Id.* The Court gave the co-Defendants and the United States the option to withdraw from the plea, but that option was rejected by both co-Defendants and the Government. *Id.* The Court ultimately sentenced the co-Defendants to credit for time served. *Id.*

In addition to the defense expert testimony challenging the United States'

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 4

expert conclusion that the heroin was the but-for causation of the victim's death, the Court also learned that ten days prior to the incident in question, the victim lost consciousness after he inhaled a $CO_2$ cartridge, resulting in a hospitalization. His family had found him unconscious and unresponsive. He experienced hemoptysis, and was coughing up blood. He was admitted to the hospital overnight but he stabilized and was discharged the next day.

Given this new information, the Court became concerned whether Defendant Morefield's decision to enter into the 11(c)(1)(C) was knowing, voluntary, and intelligent. Consequently, the Court appointed counsel to determine whether it would be appropriate to file a 28 U.S.C. § 2255 motion, and if so, to file such a motion. Counsel was appointed. More than a year later and after the deadline for filing the motion passed, counsel informed the Court that he missed the deadline and asked that he be permitted to withdraw and new counsel appointed. The Court granted his request. Mr. Trageser was appointed in October, 2017 and he filed Defendant's 28 U.S.C. §2255 motion in April, 2018

## 28 U.S.C. § 2255

Section 2255 provides that a prisoner "in custody under sentence of a court established by an Act of Congress" may move the court that imposed his sentence to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

To warrant habeas relief, a defendant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 5

*Davis v. United States*, 417 U.S. 333, 346 (1974).

A court must grant an evidentiary hearing on a petitioner's § 2255 motion "[u]nless the motion and the files and records of the case show conclusively that the prisoner is entitled to no relief." *United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255).

## Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must prove: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is defendant's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.

Where a defendant has plead guilty, in order to satisfy the prejudice requirement, he must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## Waiver

Generally, an express waiver of a statutory right, including the right to file section 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised,

and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). However, "a plea agreement that waives the right to file a federal habeas petition ... is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver" itself. *Washington*, 422 F.3d at 871. The *Washington* court reasoned that an ineffective assistance of counsel claim cannot be barred by an agreement that, itself, was "the very product of the alleged ineffectiveness," because "[t]o hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." *Id.* (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999)).

Here, the plea agreement signed by Defendant contained the following waiver:

> The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant, and which, in the exercise of due diligence, could not have been known by Defendant by the time the Court imposes the sentence.

ECF No. 149.

The Government argues that Defendant waived his right to counsel because he should have known or should have exercised due diligence to recognize that his counsel was being ineffective. The Court disagrees. At issue is whether Defendant knowingly, intelligently, and voluntarily entered in a plea agreement with the Government. *Washington* counsels that, in this situation, the waiver is invalid.

### Statute of Limitations

According to 28 U.S.C. § 2255, the Motion to Vacate, Set Aside, or Correct

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 7

Sentence must be filed within one year after the judgment is final. A § 2255 movant is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648 (2010). The movant must show that the extraordinary circumstances "'were the cause of his untimeliness.'" *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). Although garden variety claims of excusable neglect such as miscalculating a filing deadline, do not rise to extraordinary circumstances, unprofessional attorney conduct may, in certain circumstances, prove "egregious" and can be "extraordinary." *Holland*, 560 U.S. at 651.

Here, the Court finds that Defendant is entitled to equitable tolling with respect to the one year statutory deadline, given that the first court-appointed counsel was ineffective by failing to follow the Court's appointment order.

### Fed. R. Cr. P. 11(c)(1)(C) Plea Agreement

Generally, district courts do not get involved in the plea negotiations between the United States and a defendant. *See* Fed. R. Cr. P. 11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."). As the Ninth Circuit explained, judicial involvement in plea agreement negotiations "compromises the judge's decision making because it 'makes it difficult for a judge to objectively assess the voluntariness of the plea' eventually entered by the defendant," and if plea discussions ultimately fail and the case proceeds to trial, the judge may view unfavorably the defendant's rejection of the proposed agreement. *United States v. Gonzalez-Melchor*, 648 F.3d 959, 964 (9th Cir. 2011) (quotation omitted).

Fed. R. Cr. P. 11(c)(1)(C) changes this dynamic, to a certain degree. It permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing

Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." *Freeman v. United States*, 564 U.S. 522, 527 (2011).

Notwithstanding Rule 11(c)(1)(C), the U.S. Supreme Court instructs that "[i]n every case the judge must exercise discretion to impose an appropriate sentence." *Id.* This discretion, in turn, is framed by the Guidelines. *Id.* Thus, while the Rule permits the parties to agree that a specific sentence is appropriate, such an agreement does not discharge the district court's independent obligation to exercise its discretion. *Id.* at 529. Additionally, the commentary to USSG §6B1.2 advises the Court that it may accept an 11(c)(1)(C) agreement "only if the court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range, or if not, that the sentence departs from the applicable guideline range for justifiable reasons."

Rule 11(c)(1)(C) does not, however, define the criteria by which a district court should exercise its discretion, or explain how a district court should determine whether to accept a plea agreement. *In Re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007). The Ninth Circuit has instructed that district courts should make individualized assessments of a stipulated sentence's propriety in light of the specific facts and circumstances presented and ensure that the agreement adequately serves the public's interest. *Id.*

To a certain extent, Rule 11(c)(1)(C) plea agreements challenge the separation of powers principles that require the judiciary and executive branches to remain independent. *Id.* Under these principles, "[j]udicial discretion is exercised with due regard for prosecutorial independence with regard to charging decision, and the prosecutor plays an advisory role in the sentencing decision." *Id.* The Ninth Circuit has cautioned that sentence bargains raise the possibility of improper prosecutorial influence over sentencing while charge bargains raise the possibility of improper judicial influence over charging. *United States v. Miller*, 722 F.2d 562,

565 (9th Cir. 1983).

A defendant does not have an absolute right under the Constitution to have his plea agreement accepted. *North Carolina v. Alford*, 400 U.S. 25, 38 (1970). Nor does he possess a constitutional or statutory right to a specific sentence, only to a "reasonable" one. *United States v. Booker*, 543 U.S. 220, 264 (2005).

**Analysis**

In light of the United States Supreme Court's and Ninth Circuit's admonishments, the Court reviews every 11(c)(1)(C) plea agreement in light of the specific facts and circumstances presented and considers whether the agreement adequately serves the public's interest. In this case, the analysis was complicated because the legal landscape shifted from when the Grand Jury first heard the evidence to the conclusion of this case involving the co-defendants. While the Court attempted to fulfil its duties by requesting additional briefing at Defendant's sentencing hearing, it was not until the co-Defendants were sentenced, when additional information came to light, that the Court became concerned that its sentencing decision regarding Defendant Morefield resulted in a miscarriage of justice. In order to alleviate its concern, the Court appointed counsel to determine whether it would be appropriate to file a 28 U.S.C. § 2255 petition.

Under the statutory framework and case law, the manner in which to argue that a miscarriage of justice occurred is for Defendant to assert that he received ineffective assistance of counsel. At first glance, the Court was concerned when it received additional testimony that challenged the Government's assertion that the heroin was the but-for cause of the death of the victim. Indeed, the Court declined to accept the co-Defendants' 11(c)(1)(C) plea agreements because the recommended sentences, which were above the Guideline ranges, were not justified.

Was counsel for Defendant Morefield ineffective, then, when he chose not to put on the same evidence at sentencing? The answer is no. Defendant was facing a

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 10

20-year mandatory minimum, and a potential life sentence. Whether an agreed-to sentence is justified is a different question than whether the Government can prove beyond a reasonable doubt that the heroin was the but-for cause of death. Counsel's decision to forgo presenting conflicting expert testimony was a reasonable tactical decision, given that Defendant Morefield wanted the Court to accept the written plea agreement so that he could minimize the risk of a very lengthy prison sentence. Moreover, Defendant has not argued or shown there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

If his counsel would have provided the Court with the same information that was presented during the co-Defendants' sentencing, the Court may have come to the same conclusion, namely that the agreed upon sentence was not justified. It may have rejected the plea agreement. But even if that were true, it would not be sufficient grounds to conclude that ineffective assistance of counsel occurred. If the Court were to reject the Rule 11(c)(1)(C) plea agreement, it would not then proceed to sentencing. Instead, in that situation, Defendant and the Government would be given the opportunity to withdraw from the plea and Defendant would have returned to the same situation he was in before he entered his plea, namely, the possibility of a 20 year mandatory minimum or potential life sentence, if the Government chose to file the § 851 notice. Thus, even if Defendant's counsel was ineffective in advocating for the Rule 11(c)(1)(C) deal, and the Court does not find he was, Defendant cannot show prejudice.

The difference between Defendant Morefield's case and the case of his co-Defendants' is that in the co-Defendants' cases, the parties elected not to withdraw from the plea agreements after the Court rejected the Rule 11(c)(1)(C) plea agreements, and the cases proceeded to sentencing. There is nothing in the record to suggest the Government would do the same in Defendant's case.

In reviewing Rule 11(c)(1)(C) plea agreements, the Court is conscious of the

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 11

separation of powers principles at play, where sentencing decisions are left to the Court's discretion and prosecutorial decisions are left to the executive branch. Rule 11(c)(1)(C) plea agreements and statutory mandatory minimums alter the separation of power dynamic and tend to tip the scales toward the executive branch, which can create the danger of too much prosecutorial discretion over the sentencing decision. While Congress has authorized this, the Court is mindful of its role in carefully reviewing Rule 11(c)(1)(C) plea agreements to ensure the recommended sentence is reasonable and that the agreement adequately serves the public's interest. Here, after additional evidence was presented to the Court, it needed to reassure itself that its obligation in reviewing the Rule 11(c)(1)(C) was met. The Court commends appointed counsel for presenting the arguments and appreciates the Government's careful and well-reasoned response.

This Court is now convinced that the process worked as intended. Both parties, the Government and Defendant Morefield, made appropriate and reasonable decisions at all stages. The attorney for Defendant Morefield made professional, thoughtful, and reasonable strategic and tactical decisions. His work did not fall below an objective standard of reasonableness, and there is no reasonable probability that, but for his alleged errors, the result would have been different. Finally, the defendant himself made reasonable choices, albeit very difficult choices, based on the facts, law, and unfortunate circumstances of this case.

//
//
//
//
//
//
//

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 12

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motions to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF Nos. 253, 254, and 255, are **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of August 2018.



Stanley A. Bastian
United States District Judge

ORDER RE: Motion to Vacate, Set Aside, or Correct Sentence ~ 13