FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEVI LAWRENCE MOREFIELD,<br><br>    Defendant. | No. 2:13-CR-02113-SAB-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

    Before the Court is Defendant's Motion to Reduce Sentence, ECF No. 306. A hearing on the motion was held on April 14, 2021, by videoconference. Defendant was represented by John B. McEntire, who appeared by video. The United States was represented by Benjamin Seal, who appeared by video. Defendant, a federal prisoner, is currently housed at FCI Lompac and participated by telephone.

    Defendant moves, pursuant to the First Step Act ("FSA"), for a reduction in his sentence based on "extraordinary and compelling reasons." After reviewing the record, the parties' briefing and hearing oral argument on the matter, the Court grants Defendant's Motion.

//

//

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE
~ 1**

## The First Step Act

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal alterations omitted). Compassionate release provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.

Section 3583(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, __ F.3d __, 2021 WL 1307884 (9th Cir. April 8, 2021) (per curiam). Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)). The Sentencing Commission's policy statement regarding reductions in a term of imprisonment is found at U.S.S.G. 1B1.13. This policy statement, however, has not been updated since the First Step Act amended § 3582(c)(1)(A). *Aruda*, 2021 WL 1307884 at *3.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2**

Consequently, the current version of U.S.S.G § 1B1.3 is not an applicable statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *Id.* at *4. Because there is no "applicable" policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), this Court is free to consider *any* extraordinary and compelling reasons for release that Defendant may raise. *Id.* (citing *Untied States v. McCoy*, 981 F.3d 271, 281-84 (4th Cir. 2020)).

## Background

On September 10, 2013, Defendant was charged with four counts of Distribution of Heroin and, together with his co-defendants, one count of Distribution of Heroin Resulting in Death. The Distribution of Heroin charge carried a maximum of 20 years imprisonment and the Distribution of Heroin Resulting in Death charge carried a mandatory minimum of 20 years imprisonment with a maximum life imprisonment. At that time, because Defendant had a prior drug conviction, the minimum and maximum penalties increased. If the United States chose to file a 21 U.S.C. § 851 Information, the maximum penalty for the Distribution of Heroin charge increased to 30 years imprisonment and the Distribution of Heroin Resulting in Death charged increased to a minimum life sentence.

After the Indictment was filed, the United States Supreme Court issued its ruling in *Burrage v. United States*, 571 U.S. 204 (2014). *Burrage* involved a victim who died of a drug overdose after using heroin and other drugs. *Id.* The Supreme Court held that the defendant—who distributed the heroin used by the victim—could not be convicted under the penalty enhancement provision, absent evidence that the victim would have lived but for the heroin use. *Id.* at 218-19.

On February 17, 2015, Defendant entered into a plea agreement with the United States in which he agreed to plead guilty to Count 4 of the Indictment, charging him with Distribution of Heroin. ECF No. 149. It was a Fed. R. Cr. P.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3**

1  11(c)(1)(C) plea agreement in which Defendant reserved the right to withdraw
2  from the plea agreement if the Court imposed a sentence of incarceration greater
3  than 180 months. *Id.* Similarly, the United States reserved the right to withdraw
4  from the plea agreement if the Court sentenced Defendant to a term of
5  incarceration that was less than 156 months. *Id.*
6       U.S. Probation prepared the Presentence Investigation Report. The PSIR
7  indicated that because there were no drug exhibits seized in the case, the lowest
8  offense level of 12 was applied. ECF No. 156. The PSIR also concluded there was
9  no identifiable victim, due to the charge Defendant plead to and the determination
10 that heroin was not the only cause of the death. *Id.* The PSIR calculated the
11 U.S.S.G. sentencing range to be 10-16 months. *Id.*
12      In preparing for the sentencing hearing, the Court noted the extreme
13 discrepancy between the Guideline-based sentencing range and the parties'
14 agreement. This case heightened the Court's concern, given the PSIR's conclusion
15 that heroin was not the only cause of the death. Consequently, it directed the
16 parties to file supplemental briefing as to why the Court should accept the parties'
17 Fed. R. Cr. P. 11(C)(1)(c) plea agreement. ECF No. 185.
18      In his response, Defendant indicated that he accepted the plea agreement to
19 avoid the risk of trial on Count 5 (Distribution of Heroin resulting in Death) and
20 possibly receiving a mandatory minimum sentence of 20 years, or possibly a life
21 sentence if the United States chose to file the § 851 Information. He acknowledged
22 the significant departure but asked the Court to accept the 11(C)(1)(c) plea
23 agreement. ECF No. 188.
24      The Court then indicated that testimony from the United States' expert, Dr.
25 Carl Wigren, would be necessary before the Court could proceed with the
26 sentencing hearing. ECF No. 192. The Court wanted to hear and evaluate the
27 medical evidence before it decided whether to accept the written plea agreement.
28      On October 20, 2015, a sentencing hearing was held. Dr. Wigren testified

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**
~ 4

that the victim died of a heroin overdose. Asked another way, Dr. Wigren indicated that if the victim had not taken heroin that day, he would not have died. ECF No. 224 at 26-27.

The Court accepted the Plea Agreement, granted the United States' Motion to Dismiss Counts 1, 2, 3, and 5, and sentenced Defendant to 180 months in custody. ECF No. 211.

In November 2015, a sentencing hearing in the co-Defendants' cases was held. The co-Defendants also entered into Fed. R. Cr. P. 11(c)(1)(C) plea agreements. Those plea agreements provided that in exchange for the guilty plea, the United States agreed to file a Superseding Information charging the co-Defendants with Distribution of Heroin. ECF Nos. 172, 173. The sentencing range agreed upon by the parties was between 24 and 60 months. *Id.* The U.S.S.G ranges as calculated in the Presentence Investigative Reports were 6-12 months or 8-14 months, depending on the co-Defendant. *Id.*

In reviewing the plea agreements, the Court again indicated an evidentiary hearing would be necessary to allow testimony from defense expert witnesses and cross-examination of the United States' expert witness before it could determine whether to accept the 11(c)(1)(C) plea agreement. ECF No. 223.[1] The Court also ordered the parties to submit briefing addressing why the Court should accept the proposed plea agreements. *Id.*

The sentencing hearing for the co-Defendants took place on March 23, 2016. ECF No. 242. The co-Defendants presented expert testimony from Dr. Robert Julien and Dr. David Predmore. *Id.* The United States cross-examined the experts but did not put on any additional expert testimony. *Id.* These experts concluded

---

[1] An additional hearing was necessary because the lawyers for the co-Defendants did not participate in the hearing for Defendant Morefield's case at which Dr. Wigren testified.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5**

that it was likely that the victim died due to the toxic effects of two drugs: paroxetine (Paxil) and heroin (Morphine). *Id.* They believed that because the victim was a habitual heroin user, it would have taken more than a .43 level of morphine to kill him. *Id.*

At the co-Defendants' sentencing hearing, the Court rejected the plea agreements, finding the recommended agreed sentences—which would be a substantial upward variance from the Guideline range—were not supported by the facts. *Id.* The Court gave the co-Defendants and the United States the option to withdraw from the plea, but that option was rejected by both co-Defendants and the Government. *Id.* The Court ultimately sentenced the co-Defendants to credit for time served. *Id.*

In addition to the defense expert testimony challenging the United States' expert conclusion that the heroin was the but-for causation of the victim's death, the Court also learned that ten days prior to the incident in question, the victim lost consciousness after he inhaled a $CO_2$ cartridge, resulting in hospitalization. His family had found him unconscious and unresponsive. He experienced hemoptysis and was coughing up blood. He was admitted to the hospital overnight, but he stabilized and was discharged the next day.

## Analysis

Given the unique factual, procedural, and changing legal landscape that has surrounded Defendant's case from the beginning, and after considering the 18 U.S.C. § 3553 factors, the Court finds extraordinary and compelling reasons exist to grant Defendant's motion to reduce his sentence.[2]

1. **Changing Legal Landscape**

The legal landscape has significantly shifted since Defendant was indicted

---

[2] The parties agree that Defendant has exhausted his administrative remedies as required by the FSA.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6**

and sentenced. In addition to *Barrage*, which increased the burden of the United States to prove a violation of distribution of a controlled substance resulting in death, the First Step Act heightened the requirement for enhancing a drug sentence. The First Step Act amended 21 U.S.C. § 851 in two relevant ways. First, it reduced the mandatory minimums following a § 851 notice from 20 to 15 years for one qualifying conviction and from life to 25 years for two or more qualifying convictions. *See* 21 U.S.C. § 841(b)(1)(A) (2020 rev. ed); *United States v. Asuncion*, 974 F.3d 929, 930-31 (9th Cir. 2020).

Second, the amendment altered the kinds of convictions for which a § 851 enhancement could apply. It changed the broad "felony drug offense" category (comprising simple drug possession) to the much narrower "serious drug felony" category (comprising manufacture or distribution punishable by at least ten years, for which the defendant served at least twelve months within the last fifteen years). *See* 21 U.S.C. § 802(57) (2020 rev. ed.); *see also* 18 U.S.C. § 924(e)(2)(A) (2018) (providing the definition of "serious drug offense").

It appears that Defendant's Washington conviction for possession of methamphetamine would not qualify as an § 851 predicate if he were sentenced today because a § 851 predicate based on state law must involve manufacturing or distribution of a controlled substance, *see* § 924(e)(2)(A)(ii); a prior offense counts as a "serious drug felony" only if the defendant actually "served a term of imprisonment of more than 12 months," 21 U.S.C. § 802(57); and the Washington Supreme Court recently held that the state's drug possession statute, RCW 69.50.4013, is unconstitutional because it lacks a requirement of knowing possession, *see State v. Blake*, slip. op. no. 96873-0 (Wash. Feb. 25, 2021).

Simply put, Defendant's simple possession charge—for which he was sentenced to six months in jail and which is no long a valid conviction under Washington law—would not qualify as a predicate offense.

Consequently because of the change in the legal landscape, if Defendant

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7**

were sentenced today, he would no longer be facing a mandatory life sentence and would no longer be facing a mandatory 20-year sentence; instead, he would be facing an 8-14 months advisory range. The Court has considered this factor in its decision to grant the motion.

### 2. Sentencing Disparities

The Court has always been mindful of the significant sentencing disparities between Defendant and his co-Defendants. The Court is also mindful that Defendant had a significant role in the heroin distribution in Ellensburg, Washington, while his co-Defendants may have been heroin users who were selling much smaller quantities of heroin to support their habit. That said, the sentencing disparity in this case, where Defendant was sentenced to 15 years and his co-Defendants were sentenced to 4 months, is a factor the Court considered in its decision to grant the motion.

### 3. Defendant's Medical Condition

Defendant faces a heightened risk of serious illness or death from COVID-19 due to his asthma and from being a smoker. According to counsel, he has not received the vaccine, and he is still at risk for contracting COVID-19. This is a factor the Court considered in its decision to grant the motion.

### 4. Nature and Circumstances of the Offense

The Court understands the seriousness of Defendant's actions and accepts the factual record that is set forth in the Presentence Investigation Report. The misuse of and addiction to opioids, including heroin, is a serious national crisis that affects public health as well as social and economic welfare. According to Defendant's family, he grew up in a supportive family and he participated in sports and family activities. He was injured at work and was prescribed pain medication. Once his employment was over and he was no longer able to get the pain pills with a prescription, he turned to street drugs and his situation spiraled out of control from that point on.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8**

The role pharmacy companies played in creating the national opioid crisis has been extensively documented. *See, e.g.*, Radden Keefe, Patrick, "The Family That Build An Empire of Pain," *The New Yorker*, (Oct. 30, 2017). While Defendant played a role by supplying the drug, other participants also have contributed to this crisis by creating or sustaining the demand. The Court considered the nature and circumstances of the offense, Distribution of Heroin, in its decision to grant Defendant's motion.

5. **History and Characteristics of Defendant**

It appears that before Defendant became addicted to prescription pain killers, he graduated from high school and began working soon after. His family describes him as very intelligent and hard working. He expressed to U.S. Probation that he wanted to receive substance abuse treatment while in custody because he wanted to have the tools to be successful upon his release from custody. It is clear he has the support of his family. He plans on living with his mother upon release and has lined up employment. While he has been in prison, he has completed several courses, including BRAVE, a 6-month drug and behavior reformation program. His prison record is positive.

Defendant's history and characteristics support the decision to grant his motion for release.

6. **Need to reflect seriousness of the offense; promote respect for the law; provide just punishment for the offense; provide adequate deterrence; protect the public**

Defendant has served close to seven years in federal custody. The Court finds this is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and to provide an adequate deterrence to future criminal activity.

The Court accepts Defendant's word that he is ready to conquer his addiction and become a productive member of society. Upon release, Defendant

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9**

will have the opportunity to engage in intensive drug treatment through the help of the U.S. Probation. He has a strong support network and employers are eager to hire him if he is released. The public can be protected by having Defendant be placed on home confinement and by being monitored by U.S. Probation.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, ECF No. 306, is **GRANTED**.

2. This Order is **stayed** fourteen (14) days to permit U.S. Probation to complete a home inspection and pre-release investigation.

3. An amended judgment will be entered on **May 3, 2021**.

4. Defendant's counsel shall provide U.S. Probation the address where Defendant intends to reside forthwith.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel and U.S. Probation.

**DATED** this 19th day of April 2021.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 10**